```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

JULEEN BROWN,                    :
                                 :
     Plaintiff,                  :
                                 :
v.                               :     Case No. 3:14-cv-681 (RNC)
                                 :
BUREAU OF PRISONS, et al.,       :
                                 :
     Defendants.                 :

## RULING AND ORDER

Plaintiff Juleen Brown, a federal inmate, brings this action pro se against Bureau of Prisons officials C. Pagli and Maureen Baird. The complaint has been construed as a Bivens claim alleging plaintiff's constitutional right to free exercise of religion was violated when she was searched by a male correctional officer. Defendants have moved to dismiss on the ground that the complaint fails to state a claim on which relief can be granted. No opposition has been filed. Under Local Rule 7(a)(1), "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." The Court is therefore obliged to consider the pleadings to determine whether dismissal is proper. See Goldberg v. Danaher, 599 F.3d 181, 183-84 (2d Cir. 2010). After conducting the required review, the Court concludes that the motion should be granted in part and denied in part.

The complaint alleges that on October 29, 2013, plaintiff

1

was searched by a male correctional officer while she was confined at the Federal Correctional Institution in Danbury. Plaintiff asserts that she complained to defendants Baird and Pagli that the cross-gender pat-down violated her religious beliefs as a devout Muslim.  On the basis of these allegations, the Court construed the complaint as asserting a claim under Bivens for a violation of plaintiff's constitutional right to freely exercise her religion.  See Initial Review Order (ECF No. 7) at 1-2.

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  A 12(b)(6) motion challenges the legal sufficiency of the complaint and is properly granted when the complaint's well-pleaded facts, taken as true and viewed in the light most favorable to the plaintiff, fail to state a claim to relief that is "plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A pro se complaint is construed liberally "and interpreted to raise the strongest claims that it suggests," but even "a pro se complaint must state a plausible claim for relief."  Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013).

Since the filing of defendants' motion, the Second Circuit has ruled that Bivens does not provide a remedy for violations of an individual's constitutional right to free exercise of religion.  Turkmen v. Hasty, 789 F.3d 218, 236 (2d Cir. 2015);

see also Larios v. U.S. Gov't, No. 15-CV-3239 CBA RML, 2015 WL 4676855, at *3 (E.D.N.Y. Aug. 6, 2015) (noting that the Court of Appeals "expressly declined to extend Bivens to inmates' Free Exercise Clause claims"). Under this precedent, plaintiff's constitutional Bivens claim based on the Free Exercise Clause is not cognizable and therefore must be dismissed.

However, in deference to the plaintiff's pro se status, the complaint will be construed as attempting to state a claim under the Religious Freedom Restoration Act ("RFRA"), a statute that protects the free exercise of religion. See Forde v. Baird, 720 F. Supp. 2d 170, 175 (D. Conn. 2010). Though defendants' supporting memorandum mentions RFRA in passing, the arguments and legal citations are specific to the constitutional free exercise claim identified in the Initial Review Order. Defendants may file a renewed motion to dismiss regarding plaintiff's RFRA claim within 21 days of the date of this order.

Accordingly, defendants' motion to dismiss [ECF No. 20] is hereby granted as to plaintiff's constitutional free exercise claim under Bivens, but the case will not be dismissed at this time in light of RFRA.

So ordered this 31st day of March 2016.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge

3