UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JULEEN BROWN,                        :
                                     :
     Plaintiff,                      :
                                     :
v.                                   :     Case No. 3:14-cv-681 (RNC)
                                     :
BUREAU OF PRISONS, et al.,           :
                                     :
     Defendants.                     :

RULING AND ORDER

Plaintiff Juleen Brown, a former inmate at FCI Danbury, brings this action against officials of the Bureau of Prisons ("BOP") seeking damages for emotional distress she experienced as a result of being subjected to a pat-down search by a male correctional officer in the absence of exigent circumstances. She alleges that the search violated her religious beliefs as a devout Muslim.  Since the complaint was filed, the Second Circuit has ruled that Bivens does not provide a remedy for violations of an individual's constitutional right to free exercise of religion.  Turkmen v. Hasty, 789 F.3d 218, 236 (2d Cir. 2015). In deference to the plaintiff's pro se status, her complaint has been construed as attempting to state a claim under the Religious Freedom Restoration Act ("RFRA"), which provides that a person whose religious exercise has been burdened by government "may assert that violation as a claim . . . in a judicial proceeding and obtain appropriate relief."  42 U.S.C. § 2000bb-1(c).

1

Defendants have moved to dismiss the action, arguing
principally that the pat-down search at issue, a one-time
occurrence, did not substantially burden plaintiff's exercise of
religion and thus does not support a claim under RFRA.  Defs.'
Mem. in Supp. of Mot. to Dismiss (ECF No. 26-1) at 4-5.  They
also argue that money damages are not available under RFRA and,
in any event, they are entitled to qualified immunity.  Id. at 5-
10.  Plaintiff has submitted an opposition.  Pl.'s Mem. in Opp'n
to Mot. to Dismiss (ECF No. 31).  I conclude that even assuming
the pat-down search in question could support a claim for money
damages under RFRA (an issue I do not address), the defendants
are entitled to qualified immunity.

The complaint alleges that on October 29, 2013, plaintiff
was searched by a male correctional officer while she was
confined at FCI Danbury.  Compl. (ECF No. 1) at 6.  In her
opposition she states that the search occurred as she and other
inmates were leaving the lunch room.  Of the inmates in the
group, only she was wearing a long dress and only she was
searched.  Plaintiff believes she was singled out because the
officer assumed she was concealing food.  She was not given the
option of having a female officer conduct the search.  Plaintiff
does not describe the pat-down search itself in any detail but
states that only a devout Muslim can understand the level of
"stress" and "shame" she suffered due to being "touched" by a man

outside her immediate family.  Pl.'s Mem. in Opp'n (ECF No. 31)
at 4-5.  She explains that any such touching is "seen as
disrespectful and a defilement upon her person."  Id. at 3.  She
notes that the BOP no longer permits cross-gender pat-down
searches of Muslim female inmates in the absence of exigent
circumstances.  See 28 C.F.R. § 115.15(b).

In Davila v. Gladden, 777 F.3d 1198, 1210-11 (11th Cir.
2015), the Court ruled that even assuming RFRA authorized the
plaintiff's claim for money damages against the defendants,
federal prison employees who had refused to permit the plaintiff
to obtain personal religious necklaces, the claim was barred by
qualified immunity.  Relying on Davila, defendants contend that
they are entitled to qualified immunity in this case.

Government officials are shielded from suits for money
damages provided their alleged wrongdoing did not violate
"clearly established statutory or constitutional rights of which
a reasonable person would have known."  Harlow v. Fitzgerald, 457
U.S. 800, 818 (1982).  Law is "clearly established" for purposes
of this qualified immunity only by decisions of the Supreme Court
and the Courts of Appeals.

As defendants correctly point out, at the time of the search
at issue here, neither the Supreme Court nor the Court of Appeals
had considered whether a pat-down search of a Muslim female
inmate by a male guard violates RFRA.  Thus, it was not "clearly

established" that the search violated the statute.  Because the

law was not "clearly established" at the pertinent time, the

defendants are entitled to qualified immunity and the action must

be dismissed.

Accordingly, the motion to dismiss is granted.  The Clerk

may enter judgment and close the file.

Dated this 31st day of March, 2017 at Hartford, Connecticut.


```
                        _____/s/_____
                             Robert N. Chatigny
                          United States District Judge
```